UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**WILLIAM M. KOPATICH,**

       Plaintiff,

    vs.                                       Case No._____

**FEIN BROS. INC.,**
  a Wisconsin Corporation, and
**SIMIE FEIN,**

       Defendants.

---

## COMPLAINT

---

**NOW COMES** Plaintiff William M. Kopatich, through his attorney, John D. Uelmen, and as and for a Complaint against Defendants Fein Bros. Inc. and Simie Fein, alleges and show to the Court as follows:

### JURISDICTIONAL ALLEGATIONS

1. This is an action seeking unpaid overtime pay, liquidated damages, attorney's fees, costs, and injunctive and equitable relief pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. Jurisdiction of this Court is under 28 U.S.C. § 1331. The unlawful employment practices and discrimination alleged below were at all times material committed within the Milwaukee Division of the Eastern District of Wisconsin.

3. Plaintiff William M. Kopatich ("Kopatich") is a citizen of the United States,

1

is an adult resident of the County of Waukesha, State of Wisconsin, and was at all times material an "employee" of Defendant Fein Bros. Inc. ("Fein Bros.") within the meaning of the FLSA.

4. Defendant Fein Bros. Inc., is a corporation organized under and existing by virtue of the laws of the Wisconsin with its corporate office and principal place of business located in the City and County of Milwaukee at 2007 N. Martin Luther King Drive, who is engaged in the business of selling restaurant equipment and supplies, which is an industry affecting interstate commerce, and who at all times material was an "employer" within the meaning of the FLSA.

5. Defendant Simie Fein is an adult resident of the County of Milwaukee and is the person who made the decisions regarding wage payments for Defendant Bros. Inc., is a person who acted directly and indirectly in the interest of Fein Bros. Inc. in relation to Kopatich, and was at all times material an "employer" within the meaning of the FLSA.

## FIRST CAUSE OF ACTION

As and for a First Cause of Action against Defendant Fein Bros. Inc. and Simie Fein, Plaintiff William M. Kopatich alleges and show to the Court as follows:

6. Realleges as though stated in detail herein paragraphs 1 through 5 of the Jurisdictional Allegations.

7. Kopatich was employed by Fein Bros. in a position that was not exempt from the overtime provisions of the FLSA during the years 2002, 2003, 2004 and 2005.

8. Although Kopatich regularly worked in excess of 40 hours per week while

he was employed by Fein Bros., Defendants Fein Bros. and Simie Fein did not pay him overtime compensation in accordance with the provisions of the FLSA.

9. The aforesaid conduct of Fein Bros. and Simie Fein was in violation of the FLSA.

10. As a direct and proximate result of the aforesaid conduct of Fein Bros. and Simie Fein, Kopatich has incurred a loss of wages and overtime compensation in an amount not yet determined, and has incurred attorney's fees and expenses in an amount not yet determined.

**SECOND CAUSE OF ACTION**

As and for a Second Cause of Action against Defendant Fein Bros. Inc. and Simie Fein, Plaintiff William M. Kopatich alleges and show to the Court as follows:

11. Realleges as though stated in detail herein paragraphs 1 through 5 of the Jurisdictional Allegations, and paragraphs 7 through 10 of the First Cause of Action.

12. The conduct of Fein Bros. Inc. and Simie Fein in failing to pay overtime compensation to Kopatich, when they knew, or reasonably should have known, that they were legally obligated to pay such compensation to its employees, constitutes a willful violation of the FLSA.

13. As a direct and proximate result of the aforesaid conduct of Fein Bros. and Simie Fein, Kopatich has incurred a loss of wages and fringe benefits in an amount not yet determined, and has incurred attorney's fees and expenses in an amount not yet determined.

**WHEREFORE**, Plaintiff William M. Kopatich prays for judgment against Defendants Fein Bros. Inc. and Simie Fein that includes compensation for all unpaid overtime compensation due from July 21, 2002 to the present, liquidated damages equal to the amount of overtime compensation due, injunctive relief barring said Defendants from engaging in such conduct in the future, reasonable attorney's fees and costs, and any other appropriate relief.

Dated this <u>19th</u> day of July, 2005.

<u>/s John D. Uelmen</u>
John D. Uelmen
Plaintiffs' Attorney
State Bar No. 1003004

**<u>Fair Employment Legal Services, S.C.</u>**
1800 E. Capitol Drive, Suite 2G
Milwaukee, WI 53211
(414) 906-1800 (telephone)
(414) 906-1850 (fax)
juelmen@ameritech.net (e-mail)

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY A JURY OF SIX (6).**

4